# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ERIC C. DETERS,                                   Case No. 1:19-cv-744
      Petitioner,

                                  Dlott, J.
  vs.                                             Litkovitz, M.J.

JUDGE MARK R. SCHWEIKERT,                          **ORDER**
      Respondent.

Petitioner, through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an Emergency Motion for Stay of Execution of Sentence. (Docs. 1, 2). The petition challenges petitioner's Contempt of Court conviction and sentence in the Hamilton County Court of Common Pleas, case number M 1900912. On September 5, 2019, the trial court issued an entry finding petitioner guilty of Contempt of Court and imposing a penalty of 15 days in the Hamilton County Justice Center. (*See* Doc. 1-1, Ex. 1 at PageID 12–13).[1] Petitioner contends that his conviction was obtained in violation of his federal due process rights.

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the

---

[1] Petitioner indicates that he began serving his 15-day sentence on September 3, 2019, before the September 5, 2019 entry was journalized.

state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c).

In this case, petitioner has not made any showing that he has exhausted his state court remedies. To the contrary, this Court's review of the Hamilton County Clerk of Court's online docket records indicates that petitioner filed a notice of appeal from his conviction and sentence on September 4, 2019, which remains pending before the Ohio Court of Appeals in case number C 1900516.[2] Petitioner also has filed in the state appellate court a pending motion for release on bail and suspension of the execution of sentence. Because it is clear from the face of the petition that petitioner has yet to exhaust his grounds for relief the petition is subject to dismissal for lack of exhaustion.

---

[2] Viewed at https://www.courtclerk.org under case no C 1900516. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

2

The Court's opinion is not altered by petitioner's claim that exhaustion of his state court remedies is futile or ineffective to protect his rights. Petitioner has not alleged, much less demonstrated, an absence of available state corrective process for him to challenge his 15-day sentence. *See* 28 U.S.C. § 2254(b)(1)(B)(i). As noted above, petitioner has an appeal and motion for a stay of execution of sentence pending before the Ohio Court of Appeals. Moreover, petitioner fails to present any circumstances that suggest that seeking recourse through the Ohio Court of Appeals or other Ohio remedies would be futile or otherwise ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). Petitioner predicts that the Ohio courts will not act on his appeal before he serves his sentence. However, this Court has rejected the proposition that "ordinary delay in reaching cases for decision on direct appeal renders the direct appeal remedy futile," finding "[t]he logical result of such a proposal would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences." *Wright v. Ohio*, No. 3:09-cv-306, 2009 WL 2949854, at *1 (S.D. Ohio, Sept. 11, 2009).[3] *Cf. Gonzalez-Aguilera v. Franke*, No. 2:12-cv-01438-BR, 2013 WL 2149620, at *3 (D. Or. May 14, 2013) ("[A]s this Court has repeatedly held, the fact that a petitioner may be serving a relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention. . . . To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion.") (internal quotation marks and citations omitted).

Accordingly, because petitioner has failed to exhaust his state court remedies, show an absence of available state corrective process, or demonstrate that circumstances exist that render

---

[3] By contrast, in *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2004), the Sixth Circuit excused the exhaustion requirement where appointed counsel failed to prosecute the petitioner's appeal and the appeal remained pending for nearly eleven years. *See Johnson v. State*, No. 16-2469, 2017 WL 4863117, *2 (6th Cir. May 2, 2017) (summarizing and distinguishing *Turner*).

3

such process ineffective to protect petitioner's rights, the petition (Doc. 1) is **DISMISSED** without prejudice for lack of exhaustion. Petitioner's motion for a stay of the execution of his sentence (Doc. 2) is also **DENIED**.[4]

      **IT IS SO ORDERED.**

Date: *September 10, 2019*

                                  *Susan J. Dlott*

                                  Susan J. Dlott, Judge
                                  United States District Court

---

[4] Petitioner has failed to meet the requirements for a stay of execution of sentence under 28 U.S.C. § 2251. *See Lawrence v. 48 Dist. Court*, No. 05-72701-DT, 2006 WL 83479, *2 (E.D. Mich. Jan. 12, 2006) (setting forth the applicable standard and finding that "because petitioner has an opportunity in the first instance to challenge his re-sentencing in the state courts, petitioner has failed to demonstrate that any great and immediate irreparable injury will occur if this Court denies the request for an emergency stay of proceedings.") (internal quotation marks omitted) (citing *Ballard v. Stanton*, 833 F.2d 593 (6th Cir. 1987)).

4